UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

v.

DARRYLL ARTHUR PUGH, a/k/a
Howie,
    *Defendant-Appellant.*

No. 03-6166

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., District Judge.
(CR-02-3)

Submitted: April 18, 2003

Decided: July 14, 2003

Before WILKINSON, WILLIAMS, and KING, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded with instructions by
unpublished per curiam opinion.

---

## COUNSEL

Darryll Arthur Pugh, Appellant Pro Se. Samuel Gerald Nazzaro, Jr.,
Assistant United States Attorney, Wheeling, West Virginia, for
Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Darryll Arthur Pugh appeals the district court's order denying his motion requesting that his presentence report ("PSR") be unsealed and a complete copy be forwarded to him. For the reasons that follow, we affirm the district court's order in part, vacate it in part, and remand the case for further consideration consistent with this opinion.

First, Pugh argues that Bureau of Prisons ("BOP") Program Statement No. 1351.05, which prohibits federal inmates from possessing copies of their PSR, denies him his constitutional rights to a fair trial and access to the courts. Pugh's trial, however, has already occurred, and his PSR, which relates to his sentencing, would have no bearing on the fairness of his trial in any event. Moreover, Pugh cannot claim denial of access where he has not yet attempted to initiate any collateral attack of his conviction. Thus, we affirm the district court's implicit rejection of Pugh's constitutional claims.

The district court also addressed Pugh's claim under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2000), citing to *United States Dep't of Justice v. Julian*, 486 U.S. 1 (1988). The district court cited *Julian* for the proposition that an inmate may view his or her own PSR and take handwritten notes, but is not entitled to a copy thereof. However, we find that *Julian* stands for the opposite proposition: that under FOIA, an inmate is entitled to a copy of his or her own PSR from the Department of Justice ("DOJ"), the BOP, or the Parole Commission. In *Julian*, the Supreme Court noted the courts' reluctance to give a third party access to a PSR prepared for another individual in the absence of a showing of special need. However, the Court held that a similar restriction on discovery is not applicable when the individual requesting discovery is the subject of the PSR. The Court stated, "there simply is *no* privilege preventing disclosure in the latter situation." *Julian*, 486 U.S. at 14 (emphasis in original).

Therefore, we vacate the district court's order to the extent it finds that Pugh has no right to a copy of his PSR under *Julian*, and remand for further consideration.

We note that, pursuant to § 552(a)(4)(B), a FOIA action may be brought either: (1) where the complainant resides; (2) where the agency records are situated; or (3) the District of Columbia. We cannot determine from the available record, however, whether venue is appropriate in the Northern District of West Virginia. The record casts no light on the physical location of the PSR and, while Pugh is apparently incarcerated in Pennsylvania, we express no opinion as to where he "resides" within the meaning of § 552. Accordingly, on remand the district court should address whether Pugh's FOIA claim is in the proper court.

Accordingly, we affirm the district court's implicit rejection of Pugh's constitutional claims, vacate the district court's order to the extent it rejects Pugh's FOIA claim based on *Julian*, and remand the case to the district court for further consideration consistent with this opinion. We also deny Pugh's motion to expedite the appeal as moot, deny his motion to appoint counsel, and deny his motion for summary judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED IN PART; VACATED IN PART;*

*AND REMANDED WITH INSTRUCTIONS*